IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VS.                                                       CRIMINAL NO: 1:05cr88WJG-JMR-1

HUNG VAN LE

ORDER

This cause is before the Court on the Motion for Severance, Dismissal of Indictment or Judgment of Acquittal [94-1] filed by the Defendant, Hung Van Le.  After due consideration of the arguments, evidence of record, applicable law, and being otherwise advised in the premises, the Court finds as follows:

Defendant moves this Court to dismiss the indictment against him.  The Court construes the motion of Defendant to dismiss pursuant to Rule 12(b)(2) and (3) of the Federal Rules of Criminal Procedure as one challenging the sufficiency of the indictment entered against him. The United States Court of Appeals for the Fifth Circuit has found that "[a]n indictment is sufficient if it contains the elements of the offense charged, fairly informs the defendant what charge he must be prepared to meet, and enables the accused to plead acquittal or conviction in bar of future prosecutions for the same offense."  *United States v. Cauble,* 706 F.2d 1322, 1333 (5th Cir.1983).  Generally, the sufficiency of an indictment is determined from its face.  *See United States v. Risk,* 843 F.2d 1059, 1061 (7th Cir.1988) (citing *United States v. Sampson,* 371 U.S. 75, 78-79, 83 S.Ct. 173, 9 L.Ed.2d 136 (1962)).  A court, however, may consider whether

the allegations contained in the indictment are sufficient to state a claim under the relevant criminal statute. *Id.*

Defendant presents nothing more than the request that this Court dismiss the indictment against him. Briefly reviewing the indictment against Defendant, the Court finds that the allegations are sufficient to state a claim under the relevant criminal statute. (Ct. R., Doc. 3.) The Court therefore has determined Defendant's motion to dismiss the indictment should be denied.

Defendant moves this Court to enter a judgment of acquittal on the grounds that Defendant "had no knowledge of any unlawful conspiracy and did nothing in furtherance of any alleged conspiracy and was nothing more that an innocent bystander, if anything." (Ct. R., Doc. 94.) Rule 29 of the Federal Rules of Criminal Procedure allows a defendant to file a motion for a judgment of acquittal before submission to a jury "[a]fter the government closes its evidence or after the close of all the evidence." This matter has yet to proceed to trial, nor has any evidence been heard before this Court. Although Defendant espouses his innocence, the indictment against him, the sufficiency of which is not questioned, contains seven counts against Defendant. (Ct. R., Doc. 3.) Being premature, the Court finds that Defendant's motion for judgment of acquittal should be denied.

Finally, Defendant moves this Court to sever his trial from those of his alleged co-conspirators pursuant to Rule 14 of the Federal Rules of Civil Procedure. Rule 14 provides:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

FED. R. CRIM. P. 14(a).  The general rule, especially in conspiracy cases such as this, is that persons properly indicted together should be tried together. *United States v. Thomas,* 12 F.3d 1350, 1363 (5th Cir.1994).  The burden is on the defendant to establish sufficient grounds for severance under Rule 14.  *See United States v. Welch,* 656 F.2d 1039, 1054 (5th Cir.1981).  "The remedy of severance is justified only if the prejudice flowing from a joint trial is clearly beyond the curative powers of a cautionary instruction."  *United States v. Morrow,* 537 F.2d 120, 136 (5th Cir.1976), *cert. denied* 430 U.S. 956 (1977).  To justify a severance, the prejudice must be so extreme that it would deny the defendant a fair trial.  *United States v. Harrelson,* 754 F.2d 1153, 1174-75 (5th Cir.), *cert. denied*, 474 U.S. 908 (1986).

Defendant offers three reasons why this Court should grant a severance:  (1) the evidence against his co-defendants will have a "spillover effect" on him; (2) his co-defendants will plead the Fifth Amendment, refusing to testify that Defendant had no part or knowledge in the crimes for which he was indicted; and (3) Defendant has a mutually antagonistic or inconsistent defense, such being that he had no knowledge or participation in the crimes indicted.  The Court will address Defendant's rationales in turn.

First, Defendant believes that he will suffer prejudice by the evidence introduced against his co-defendants, and that the jury will not be able to segregate the evidence applicable to each defendant, resulting in a "spillover effect."  The possibility of a spillover effect, without more, does not warrant severance.  *United States v. Davis*, 124 Fed. Appx. 838, 845 (5th Cir. 2005).  Further, Defendant offers no reason why a proper instruction from the Court will not suffice to guard against any potential prejudice.  *Morrow*, 537 F.2d at 136.  The Court therefore finds Defendant's first reason is without merit.

Second, Defendant alleges that his co-defendants will invoke their right against self-incrimination, denying Defendant exculpatory testimony.  In order to receive a severance based on the need to produce exculpatory evidence from a co-defendant, Defendant must satisfy the following:  (1) a need for the testimony, (2) the substance of the co-defendant's testimony, (3) the exculpatory nature and effect of the testimony, and (4) the co-defendant's willingness to testify at trial.  *United States v. Pedroza,* 78 F.3d 179, 185 (5th Cir.1996).  Defendant has not spoken clearly to any of these factors.  Particularly, Defendant has made no showing that any of the other defendants would testify on his behalf, or even provide exculpatory evidence if they did.  Additionally, co-defendants would possess their Fifth Amendment rights regardless of Defendant's joinder.  Further, the Court may properly instruct against any prejudice that might result from a co-defendant's silence.  *Zafiro v. United States,* 506 U.S. 534, 540-41 (1993).  The Court therefore finds Defendant's second reason is without merit.

Third, Defendant contends that he has a mutually antagonistic or inconsistent defense, such being that he had no knowledge or participation in the crimes indicted.  Merely presenting antagonistic defenses does not warrant a severance.  "To justify severance . . . the defenses must be more than merely antagonistic; they must be irreconcilable and mutually exclusive."  *United States v. Toro,* 840 F.2d 1221, 1238 (5th Cir.1988).  There is no reason why Defendant's allegation of having no knowledge or having taken no part in the alleged conspiracy is irreconcilable and mutually exclusive of the other defendants' claims of innocence.  The Court finds Defendant's third reason is without merit.

For the reasons stated herein, the Court finds that Defendant's Motion for Severance, Dismissal of Indictment or Judgment of Acquittal [94-1] should be denied.  It is therefore,

ORDERED that Defendant's Motion for Severance, Dismissal of Indictment or Judgment of Acquittal [94-1] be, and is hereby, denied.

SO ORDERED this the 20th day of January, 2006.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE