IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VERSUS                                    CRIMINAL ACTION NO. 1:05cr88WJG-JMR-1

HUNG VAN LE

O R D E R

This cause comes before the Court on defendant Hung Van Le's motion for reconsideration [161-1] of his sentence which the Court shall construe as a motion to modify, pursuant to Rule 35 of the Federal Rules of Criminal Procedure.

The Defendant pleaded guilty to possession with intent to distribute 500 dosage units of MDMA in violation of 21 U.S.C. § 841(a)(1); and criminal forfeiture pursuant to 21 U.S.C. § 853. (Ct. R., Doc. 160.) He was sentenced in this proceeding on June 27, 2006, to 168 months imprisonment, with a term of 3 years supervised release, no fine or restitution, and ordered to pay mandatory $100.00 special assessment. (*Id.*)

Le filed his motion for reconsideration on July 3, 2006, seeking reconsideration of the finding that he played a managerial role in the offense. (Ct. R., Doc. 161, p. 1.) Le asserts that his sentence was enhanced because he directed the confidential source or informant [CS] to pay Anh Le for MDMA on two occasions. (*Id.*)

The United States argues that the evidence showed that Le directed individuals to pay his sister, Hang Le, and his brother, Anh Le, for drugs. (Ct. R., Doc. 174, p. 1.) In addition, the United States contends that those individuals were directed by Le to hold and distribute drugs for

him, which would support the Court's finding that Le was a manager or leader. (*Id*.)

Under Federal Rule of Criminal Procedure 35(a), the district court, acting within seven days after sentencing, may correct a sentence resulting from arithmetical, technical, or other clear error. FED. R. CRIM. P. 35(a). After the expiration of the seven-day limit to correct a sentence, a district court lacks jurisdiction to alter a defendant's sentence. (*Id*., p. 3.) The seven-day time period begins to run on the date of imposition of sentence which means the date of oral pronouncement, which in this case was September 9, 2002. *United States v. Gonzalez*, 163 F.3d 255, 263 (5th Cir. 1999). When the seven-day period expires, the court loses jurisdiction to correct a sentence under that subdivision of the rule. *United States v. Gonzales*, 163 F.3d 255, 263-4 (5th Cir. 1998). A timely motion by the defendant does not extend this period. *United States v. Shank*, 395 F.3d 466, 469 (4th Cir. 2005). Le was sentenced in this matter on June 27, 2006. (Ct. R., Doc. 160.) Although Le's motion was filed within the seven-day window of the rule, the Court failed to rule on merits of the motion within that time period and now lacks jurisdiction to consider the motion. The Court finds that Le's motion for reconsideration should be denied.

Even if the motion had been timely considered, the Court finds no error in its sentencing of Le. When the evidence demonstrates that a defendant directed another in his drug trafficking activities, as Le directed the CS in this case, sentence enhancement under section 3B1.1(c) of the United States Sentencing Guidelines is appropriate. *United States v. Turner*, 319 F.3d 716, 725 (5th Cir. 2003).

The Court finds that because it lacks jurisdiction to correct the sentence, Le's motion to correct sentence brought pursuant to Rule 35 of the Federal Rules of Criminal Procedure should be denied. It is therefore,

ORDERED that Defendant's motion for correction of sentence under Rule 35 [161-1] be, and is hereby, denied.

SO ORDERED this the 29th day of January, 2007.

              *Walter J. Gex III*
             UNITED STATES SENIOR DISTRICT JUDGE